IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIKA JACOBS, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:12-cv-04437-WSD-RGV |
| TRICIA BIANDO and LIBERTY TAX, | |
| Defendants. | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

On December 26, 2012, plaintiff Erika Jacobs ("plaintiff"), proceeding *pro se*, filed a complaint alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., against defendants Tricia Biando ("Biando") and Liberty Tax, collectively referred to as "defendants." [Doc. 1-1; Doc. 3]. Plaintiff was granted leave to proceed *in forma pauperis*, but because she had failed to adequately allege a claim under Title VII, on January 7, 2013, the Court ordered plaintiff to file an amended complaint addressing the deficiencies noted in the Order, and complying with the Local Rules and Federal Rules of Civil Procedure. See [Docs. 2, 4]. Plaintiff has filed an amended complaint,[Doc. 6]; however, she did not comply with the Court's Order because her amended complaint still suffers from many of the same deficiencies as her original

complaint. For the following reasons, it is **RECOMMENDED** that plaintiff's amended complaint, [Doc. 6], be **DISMISSED** for failure to comply with the Court's Order and for failure to state a claim.

## I. DISCUSSION

A.   **Failure to Comply with the Court's Order**

"Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (unpublished) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)[1]). Furthermore, "[a]lthough [the Courts] construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citing McNeil v. United States, 508 U.S. 106 (1993)). In its January 7, 2013, Order, the Court ordered plaintiff to "set forth allegations in paragraph 8 of the form that state a plausible claim under Title VII and the Federal Rules of Civil Procedure," and plaintiff was admonished that failure to

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

do so would result in a recommendation that this action be dismissed. [Doc. 2 at 11-12].

Contrary to the Court's Order, plaintiff's amended complaint still fails to allege any facts indicating that unlawful race discrimination was the reason for her termination, showing that racial animus motivated her termination, showing that a similarly situated non-minority was treated more favorably, or connecting any alleged mistreatment to her termination or other adverse action. See [Doc. 2 at 6-8].[2] Accordingly, her amended complaint is due to be dismissed for failing to comply with the Court's Order. LR 41.3A(2), NDGa.; see also Owens, 331 F. App'x at 656; Hall v. Crestmark Club, No. 1:07-cv-0715-WSD-JFK, 2008 WL 187517, at *2 (N.D. Ga. Jan. 18, 2008), adopted at *1 (dismissing *pro se* plaintiff's complaint where he failed to obey court orders as well as comply with the local rules and was warned that such failure could result in sanctions, including dismissal).

---

[2] Plaintiff chose not to replead her libel/slander claim, compare [Doc. 3], with [Doc. 6], and it is therefore deemed abandoned, see Jones Creek Invs., LLC v. Columbia Cnty., Ga., No. CV 111-174, 2011 WL 7446782, at *5 (S.D. Ga. Dec. 9, 2011), adopted by 2012 WL 694316, at *1 (S.D. Ga. Mar. 1, 2012) (citations omitted); Begaulg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd., No. 10-2213-CIV, 2011 WL 4434891, at *12 n.15 (S.D. Fla. Sept. 23, 2011). However, she does appear to allege several other state law claims, including breach of contract, fraud, and emotional distress, in addition to a new federal claim under the Equal Pay Act, as amended, 29 U.S.C. § 606 et seq. [Doc. 6 at 3-6].

**B.     Failure to State a Claim for Relief**

In addition, plaintiff's amended complaint is due to be dismissed because it still fails to state a plausible claim for relief.  In order to state a claim on which relief can be granted, plaintiff's allegations must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides in relevant part: "A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  A complaint should not consist of vague and conclusory allegations, but must clearly state a cause of action.  See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1.  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated and how they support the allegations set forth in the complaint.  See 28 U.S.C. § 1331.  However, because plaintiff is proceeding *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).[3]

---

[3] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth

In her amended complaint, plaintiff alleges that she was discriminated against on the basis of her race when her employment was terminated, and she also mentions other incidents that she contends were racist.[4] See generally [Doc. 6 at 2-4,

---

in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008).

[4] Plaintiff also asserts in a single word on the form complaint that she was discriminated against in retaliation for engaging in protected activity under Title VII, but she has not alleged any facts to support a retaliation claim, nor has she alleged that she engaged in any activity protected by Title VII. See [Doc. 6 at 2]; Farrow v. CCA Wheeler Corr. Facility, No. CV 311-053, 2011 WL 4527358, at *2 (S.D. Ga. Aug. 22, 2011), adopted by 2011 WL 4502591, at *1 (S.D. Ga. Sept. 28, 2011) (finding that plaintiff failed to allege a retaliation claim under Title VII because she did not allege that she engaged in "statutorily protected expression"). "Prior to filing a Title VII action, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")]." Ramon v. AT & T Broadband, 195 F. App'x 860, 865 (11th Cir. 2006) (per curiam) (unpublished) (citing Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam)). "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" Id. (citing Gregory, 355 F.3d at 1280). While it is true that a retaliation claim based upon plaintiff engaging in the protected activity of filing a discrimination-based EEOC charge "grows out" of that underlying discrimination charge such that no "double filing" with the EEOC is required, see Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988) (citation omitted), plaintiff has not alleged that defendants took any adverse actions against her after she filed her charge of discrimination, see generally [Doc. 6 (describing only adverse actions prior to her termination, which was the subject of her EEOC charge of discrimination)]. Accordingly, because plaintiff's retaliation claim is not based upon the filing of her EEOC charge of discrimination, and plaintiff "did not check the retaliation box on the EEOC charge form and failed to illustrate in the charge her claim made later in the complaint that [she suffered adverse actions in retaliation for some earlier activity]," Ramon, 195 F. App'x at 866, she has failed to exhaust her administrative remedies with respect to her retaliation claim, and any such claim would be subject to dismissal.

6, 17]. For example, she alleges that her supervisor, Kristy Frietas ("Frietas"), a white female, made "racial comments." [Id. at 6]. Specifically, plaintiff states that during the ten-week training course and the 2012 tax season, Frietas made comments about how African-American females should get along better and about plaintiff's character. [Id.]. Plaintiff contends that Frietas was "hostile" and "demeaning," intentionally denying her information about new changes that she needed to know to process tax returns, that Frietas instructed her to give or suggest discounts to customers and then chastised her for giving too many discounts, [id. at 4, 17], and that "other employees were treated with favoritism" as they were "trusted more, were well informed of all changes, and were received in a more pleasant manner by [Biando] and [Frietas]," [id. at 6]. Plaintiff also alleges that Snowden, a white male, stated during an altercation that he was better than her, made an unspecified "physical demonstration of racial dislike," and attempted to fire her without authority. [Id. at 3].

Plaintiff also asserts a claim for breach of contract and a violation of the Equal Pay Act because she never received the commission of 3 percent on each tax return she prepared that was orally promised to her by Frietas at the direction of Biando. [Id. at 3]. She asserts that proper procedures were not taken and that she was denied information about the alleged infractions for which Frietas fired her, including co-

worker complaints, customer complaints, complaints from customers to Biando, and "asking about her hours/questioning authority," [id.]; see also [id. at 17-19 (describing dispute regarding hours and schedule)], and contends that these allegations were baseless and that Frietas "fabricated" evidence regarding her attendance and her altercations with Snowden, see [id. at 3-4, 6, 13-17 (describing incidents about which she contends Frietas lied)].  Finally, she claims that losing her job was "devastating" and caused her to suffer emotional distress.  [Id. at 6].

1. *Federal Claims*

   a. **Title VII Discrimination**

Although plaintiff attempts to allege a claim of race discrimination, her allegations remain insufficient to state a claim under Title VII.  Title VII prohibits an employer[5] from "discriminat[ing] against any individual with respect to [her terms and conditions of employment, because of such individual's race. . . ." 42 U.S.C. §§ 2000e-2(a)(1).  Although "'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792

---

[5] The caption of plaintiff's amended complaint lists Biando and Liberty Tax as defendants, but she names Biando, Frietas, and Snowden as defendants in paragraph two of the complaint.  [Doc. 6 at 1].  However, Title VII does not authorize suits against individuals, see Albra v. Advan Inc., 490 F.3d 826, 830 (11th Cir. 2007) (per curiam), and plaintiff therefore fails to state a viable Title VII claim against any of these individuals.

(1973),'" Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316(HB), 2008 WL 3861352, at *4 (S.D.N.Y. Aug. 19, 2008) (alteration in original) (citation omitted) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002)), "a complaint that 'provides no . . . detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that [the plaintiff's] race played a role in [the employer's] decision to dismiss [her]' is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2)," id. at *5 (first and third alterations in original) (citation omitted) (quoting Perry v. Sony Music, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006)).

While plaintiff has alleged in her amended complaint that she was terminated from her employment and that Frietas made some comments about how African-American females should get along better, plaintiff has not asserted a hostile work environment claim or alleged any facts that connect the treatment and comments to her termination or to any other adverse employment action,[6] see Diaz v. City of Springfield, Ill., 151 F.3d 1032, 1998 WL 405848, at *2 (7th Cir. 1998) (unpublished) (affirming judgment for defendant where "no significant connection existed between the name-calling and [the adverse action]"), nor has plaintiff alleged that a similarly situated non-minority employee was treated more favorably, and she has therefore

---

[6] In fact, plaintiff specifically alleges that she was terminated due to "false allegations" that her coworkers and customers had complained about her and because she had asked questions about her hours and questioned authority, not because she is African-American. [Doc. 6 at 3, 19].

failed to adequately allege a plausible claim of race discrimination,[7] see Givens v. Eddie Deen & Co. Catering, Civil Action No. 3:10-CV-1164-L, 2011 WL 624071, at *1 (N.D. Tex. Feb. 18, 2011) (emphasis omitted) ("A simple statement that Plaintiff believes he was fired because he is African-American is insufficient to plead a claim of race discrimination under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must set forth specific allegations that would demonstrate that he was treated differently because of his race, that is, he must set forth sufficient allegations that race was the reason he was terminated."); Bacon v. Ga. Ports Auth., NO. CV410-281, 2010 WL 5538515, at *2 (S.D. Ga. Dec. 17, 2010), adopted as modified by 2011 WL 43504, at *1 (S.D. Ga. Jan. 6, 2011) (citations omitted) (dismissing Title VII complaint without prejudice where plaintiff alleges "neither direct-evidence facts ('because you're black') nor circumstantial-evidence facts (comparable white treated better)"); Washington v. Sprint Food Stores, Inc., Civil Action No. 1:10-CV-823-TWT-ECS, 2010 WL 5463137, at *2 (N.D. Ga. Dec. 2, 2010), adopted by 2010 WL 5463133, at *1 (N.D. Ga. Dec. 29, 2010) (dismissing complaint for failure to state a claim under Title

---

[7] Although plaintiff asserts that "other employees were treated with favoritism," see [Doc. 6 at 6], she has not alleged that these employees were outside of her protected class or any facts from which the Court could find that these other employees were similarly situated to plaintiff, see Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1314 (N.D. Ga. 2009), adopted at 1289; Gage v. Metro. Water Reclamation Dist. of Greater Chi., 365 F. Supp. 2d 919, 934 (N.D. Ill. 2005); Hockman v. Westward Commc'ns, L.L.C., 282 F. Supp. 2d 512, 527-28 (E.D. Tex. 2003).

VII where plaintiff alleged only that she was a black female who was fired after she refused to conduct a cash back transaction for a white customer).

### b. Equal Pay Act

"The Equal Pay Act . . . applies to disparities in pay between male and female employees" and "prohibits employers from paying employees of one sex less than employees of another sex for equal work." Boatwright v. OMI, Inc., Civil Action No. 5:05-cv-266 (CAR), 2006 WL 2523110, at *3 (M.D. Ga. Aug. 29, 2006) (citing Beavers v. Am. Cast Iron Pipe Co., 975 F.2d 792, 801 (11th Cir. 1992)). "In order to establish a prima facie case for an [Equal Pay Act] violation, a plaintiff must show that [her] employer pays different wages to employees of opposite sexes for equal work on jobs . . . [requiring] equal skill, effort and responsibility, and which are performed under similar working conditions." Id. (last two alterations in original) (citation and internal marks omitted). However, in support of her Equal Pay Act claim, plaintiff merely asserts that she was "not paid the 3% commission promised orally to all employee's[sic] per tax returns completed." [Doc. 6 at 3]. "Nowhere in [p]laintiff's complaint does [s]he allege any difference in pay or benefits based on gender," Boatwright, 2006 WL 2523110, at *3; indeed, she does "not [make] any allegations concerning the wages or type of work that any comparators performed," and she has therefore failed to allege a valid claim under the Equal Pay Act, Dubose v. SYSCO Corp., No. 1:10-cv-02952-WSD, 2011 WL 1004675, at *4 n.8 (N.D. Ga. Mar. 18,

2011) (citing Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1528 n.15 (11th Cir. 1992)); see also Boatwright 2006 WL 2523110, at *3.

### 2. *State Claims*

Where all of a plaintiff's federal claims are dismissed from an action early in the proceedings, it is appropriate for a federal court to decline to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Tagliaferri v. Winter Park Housing Auth., 486 F. App'x 771, 775 (11th Cir. 2012) (per curiam) (unpublished) (citation omitted); see also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (citing L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)) (stating that the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claim when, as here, the federal claims have been dismissed prior to trial"). In light of this precedent, any remaining state law claims, to the extent they are asserted by plaintiff, are due to be dismissed without prejudice. See [Doc. 6 at 4 (mentioning breach of contract), 6 (mentioning "emotional distress")].

## II. CONCLUSION

For the reasons stated, it is **RECOMMENDED** that plaintiff's amended complaint, [Doc. 6], be **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's January 13, 2012, Order, [Doc. 2], and for failure to state a claim.

The Clerk of Court is **DIRECTED** to terminate referral of this action to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, this 8th day of March, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE