IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIKA JACOBS,

        **Plaintiff,**

v.                                                                1:12-cv-04437-WSD

TRICIA BIANDO and LIBERTY TAX,

        **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Erika Jacobs' ("Plaintiff" or "Jacobs") Objections to Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [7]. The R&R recommends dismissal without prejudice of Plaintiff's Title VII Complaint dated February 19, 2013 (the "February 19th Complaint") [6], because Plaintiff failed to follow an order issued by the Magistrate Judge on January 7, 2013, requiring Plaintiff to amend her complaint to state a cognizable claim over which this Court has jurisdiction [2].

**I.    BACKGROUND**

Plaintiff filed this action on December 26, 2012, in which she purports to assert a claim for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and a claim for slander, libel and

defamation based on state law (the "December 26th Title VII Complaint").[1] These alleged claims arise out of Jacobs' work as a tax preparer for Defendant Liberty Tax ("Liberty Tax") from January 2011 to February 23, 2012. Liberty Tax is a tax preparation company located in Norcross, Georgia. Defendant Tricia Biando ("Biando") is the owner of Liberty Tax.

After Plaintiff's *pro se* December 26th Title VII Complaint was filed, and Plaintiff requested to proceed *in forma pauperis* to avoid the payment of filing fees, the Complaint was reviewed by Magistrate Judge Vineyard. Magistrate Judge Vineyard determined that the complaint did not comply with federal pleading standards, reserved ruling on frivolity under 28 U.S.C. § 1915(e) and granted Plaintiff fourteen (14) extra days in which to replead her complaint.[2] [2].

Plaintiff filed her third Title VII Complaint on February 19, 2013, in which she now appears to allege a race discrimination claim under Title VII, breach of contract and Equal Pay Act claims for failure to pay accrued commission, a claim for "allegations of fraudulent intent/intentional discrimination/conspiring/malice," "racism" and "emotional distress" (the "February 19th Title VII Complaint").

---

[1] Plaintiff filed a second Title VII Complaint on January 7, 2013, which is essentially a duplicate of the Title VII Complaint filed on December 26, 2012.

[2] The Title VII complaint form and instructions had to be resent to Plaintiff requiring the repleading date to be extended. [4].

Plaintiff alleges a variety of wrongful conduct and her alleged wrongful termination.  The claims are alleged against "Tricia Biando (owner [of Liberty Tax]), Kristy Freitas" and an individual listed as "Snowden."  Plaintiff claims Freitas and Snowden were her supervisors.

The February 19th Title VII Complaint was reviewed by Magistrate Judge Vineyard and it is the subject of his March 8, 2013, Final Report and Recommendation (the "R&R").  In his R&R, the Magistrate Judge found that Plaintiff had failed to comply with his January 7th Order by "fail[ing] to allege any facts indicating that unlawful race discrimination was the reason for [Plaintiff's] termination, showing that a similarly situated non-minority was treated more favorably, or connecting any alleged mistreatment to her termination or other adverse action."  R&R at 3.  The Magistrate Judge further found that the complaint is required to be dismissed because the complaint otherwise "fails to state a plausible claim for relief," including because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure even when liberally construed.  Id. at 4.  The Magistrate Judge specifically found that Plaintiff's Title VII discrimination claim fails to allege facts to show a connection between the name calling Plaintiff alleges and an adverse employment action suffered by Plaintiff and fails to allege that a similarly situated non-minority was treated more

3

favorably than Plaintiff.  <u>Id.</u> at 8.  The Magistrate Judge also found that Plaintiff failed to allege facts to support that Defendants paid employees of one sex less than employees of another sex for equal work, finding that Plaintiff alleges only that she did not receive the commission she claimed she was promised.[3]  Finally, the Magistrate Judge found that absent any cognizable federal claim, the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims for slander, libel and defamation.  The Magistrate Judge recommended that the February 19th Title VII Complaint be dismissed without prejudice.

On April 16, 2013, Plaintiff filed her Objection to Order ("Objections") [9].  Plaintiff asserts a scattershot of general and conclusory objections, as follows:

1. She "provided sufficient factual allegations as per rule 8 of federal civil procedure [sic]."  She does not respond specifically to the allegation analysis in the R&R.  Obj. at 1-2.

2. Her "Title VII case has not been liberally construed," claiming all that the Federal Rules of Civil Procedure require is a "short and plain statement of the claim."  Plaintiff summarily argues she met this standard and that her "case has merit."  Obj. at 2.

---

[3] To the extent Plaintiff alleges Defendants breached some agreement to pay her commissions, she does not allege facts to support that this Court has subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).

4

3. In Question 8 and the EEOC attachment to her December 26th Title VII Complaint, Plaintiff appears to claim she did "show a similarly situated non-minority was treated more favorably, racial animus, or connecting any alleged mistreatment to her termination or other adverse action," but does not discuss the specific allegations supporting her contention, generally asserting only that Kristy Freitas "showed favoritism to persons of her own race (Caucasian)," otherwise generally asserting that there is "a lot to be discovered in discovery."  Id.

4. The alleged withholding of Plaintiff's commission in 2012 breached an oral promise made to her regarding her commissions, and the alleged nonpayment violated the Fair Labor Standards Act.[4]  Id. at 4.

5. She "showed in question 8 in both complaints that libel, slander and a conspiracy was [sic] involved in her termination."  Id. at 5.  She conclusorily argues she adequately alleged state law defamation claims.  Id.

6. She will show in discovery that the reasons given for her termination were false.  Id. at 6.

---

[4] Plaintiff does not discuss or allege Equal Pay Act violation, and this claim is deemed abandoned.  Alternatively, the Court determines that Plaintiff does not object to the R&R's recommendation that her Equal Pay Act claim be dismissed.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  "It is critical that the objection be sufficiently specific and not a general objection to the report."  Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006).  With respect to those findings and recommendations to which specific objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B.     Analysis

1.     *Plaintiff's First Objection*

Plaintiff first objects that she did comply with the Magistrate Judge's January 7th Order because she "provided sufficient factual allegations as per rule 8 of federal civil procedure [sic]."  Obj. at 1-2.

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 678, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Plaintiff's alleged facts do not come even close to the line separating the conceivable from the plausible.  Aside from her general allegations of two unrelated comments about race and her perceived slight from her supervisors, Plaintiff did not allege any fact to support the claim that she was terminated on the basis of her race.

Plaintiff does not respond specifically to the allegation analysis in the R&R relying, instead, on the broad conclusory statement that "a complaint should not be dismissed for failure to state a claim unless it appears beyond [a] doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  That standard of pleading was abandoned in Twombly.  See Twombly, 550 U.S. at 562-63 & n.8.  Plaintiff's first objection is overruled.

        2.     *Plaintiff's Second Objection*

Plaintiff's second objection is that her "Title VII case has not been liberally construed," claiming all that the Federal Rules of Civil Procedure require is a "short and plain statement of the claim."  This is a rehash of her first objection and is not meritorious.

The fact is that the Magistrate Judge did give liberal construction to Plaintiff's pleadings. See Jan. 7th Order [2] at 3.  He considered and responded to Plaintiff's allegation of facts, going beyond the content provided in the Title VII

complaint form to consider facts alleged in the EEOC attachment.  See Jan. 7th Order at 4-5.  The Magistrate Judge in his January 7th Order specifically instructed Plaintiff that "she must set forth allegations in paragraph 8 of the form that state a plausible claim under Title VII and the Federal Rules of Civil Procedure."  Jan. 7th Order at 12.  Plaintiff failed to do so, and her second objection is overruled.

        3.    *Plaintiff's Third Objection*

Plaintiff next objects that she did "show a similarly situated non-minority was treated more favorably, racial animus, or connecting any alleged mistreatment to her termination or other adverse action" by generally asserting that Kristy Freitas "showed favoritism to persons of her own race (Caucasian)."  Obj. at 2-3.

Plaintiff, at most, complains about the conduct of Biando, the owner of Liberty Tax, and Freitas and Snowden who Plaintiff claims were her "supervisors."  Dec. 26th Compl. ¶ 7.  Plaintiff's perceived slight at the hands of Freitas must be weighed against her own account of Freitas's repeated attempts to accommodate Plaintiff's working hours.  Feb. 19th. Compl. at 18.  Considering the allegations, the Court cannot draw a link between Plaintiff's termination and a benign remark by Freitas that merely has a racial connotation.  Plaintiff does not allege any employment action based on race.

To the extent Plaintiff argues that Snowden was treated more favorably than

she was after their workplace dispute, Plaintiff's allegations discredit her argument.  For example, Liberty Tax denied Snowden's request to be transferred to another branch, and Plaintiff does not allege facts showing that the Defendants sided with Snowden in any workplace or other dispute.  Dec. 26th Compl. at 7.  Plaintiff's third objection is overruled.

4.     *Plaintiff's Fourth Objection*

Plaintiff's fourth objection is that the claimed nonpayment of commissions "as orally promised is supported by the fair labor act [sic]."  Obj. at 4.  The Court is not clear whether Plaintiff is alleging a contract action under state law or a federal action under the Fair Labor Standards Act.

To the extent Plaintiff is alleging a violation of the Federal Labor Standards Act, Plaintiff has alleged even fewer facts than she did in her Title VII claim.  Here, Plaintiff is merely alleging an oral promise and an alleged breach of it without providing any factual support.  There is no connection between her conclusory allegation and the violation of a federal statute.[5]  Even when liberally construed, Plaintiff has not sufficiently alleged a cause of action under her Fair Labor Standards Act, and this claim is required to be dismissed.

---

[5] The section of the Fair Labor Standards Act that Plaintiff "cites" is Section 1239, which actually is a reference to Wright & Miller's treatise on Federal Practice and Procedure.  Obj. at 4.

To the extent Plaintiff seeks to allege a contract action under state law, the Magistrate Judge recommends, and the Court agrees, that this Court should refrain from exercising its supplemental jurisdiction. Plaintiff did not object to the Magistrate Judge's recommendation that supplemental jurisdiction not be exercised, and the Court finds no plain error in that recommendation. Plaintiff's fourth objection is overruled.

5. *Plaintiff's Fifth Objection*

Plaintiff's fifth objection is that she "showed in question 8 in both complaints that libel, slander and a conspiracy was [sic] involved in her termination." Obj. at 5. Plaintiff did not object to the Magistrate Judge's recommendation that this Court not exercise its supplemental jurisdiction, and Plaintiff's fifth objection is overruled.[6]

6. *Plaintiff's Sixth Objection*

Plaintiff's sixth objection is that she should be allowed discovery because she "can show in discovery that the defendant's [sic] reason for termination both orally and written were [sic] false." Obj. at 6.

The Court is not required to allow discovery when Plaintiff has failed to

---

[6] Plaintiff also does not provide any factual support for her defamation, libel, slander and conspiracy claims, and for this further reason, Plaintiff's fifth objection is overruled.

state a claim by stating sufficient facts.  "Some threshold of plausibility must be crossed at the outset before a [costly] case should be permitted to go into its inevitably costly and protracted discovery phase."  Twombly, 550 U.S. at 558 (citations omitted) (internal quotation marks omitted).  Plaintiff's sixth objection also is overruled.[7]

**CONCLUSION**

Having concluded its *de novo* review of Plaintiff's objections and, finding no plain error in any portion of the R&R to which Plaintiff did not object, the Court overrules Plaintiff's objections and adopts the R&R.

**IT IS HEREBY ORDERED** that Plaintiff's Objections [9] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [7] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's action is **DISMISSED.**

---

[7] To the extent Plaintiff claims that she filed objections other than those contained in this Order, the Court finds that any such objection – assuming there is any – is insufficiently specific and is not required to be considered.  See Macort, 208 F. at 784 ("It is critical that the objection be sufficiently specific and not a general objection to the report.").

**SO ORDERED** this 25th day of June, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE